IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID MARTINEZ, #366332, | ) | |
|               Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-2153-N |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|               Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

This is a petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is presently confined at the Ellis Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. Respondent is the Director of TDCJ-CID. The Court issued process in this case.

Petitioner pled guilty to the offense of aggravated rape and aggravated sexual abuse in the 282nd District Court of Dallas County, Texas, in Cause Nos. F83-91233 and F83-96541. Punishment was assessed at life imprisonment for each offense. (Respondent's Answer at 2).

In his petition filed on November 20, 2006, Petitioner challenges the Pardon and Parole Board's denial of parole release. In response to this Court's order to show cause, Respondent filed an answer seeking dismissal of the petition for failure to exhaust state court remedies. Alternatively, he requested denial of the petition on the merits. In his reply, Petitioner agrees

that he has not exhausted his state remedies and requests dismissal of this action without prejudice.

In light of the above, Petitioner's request to dismiss this action for failure to exhaust state court remedies should be granted.  *See* 28 U.S.C. § 2254(b) and (c) (West 2007); *Rhines v. Weber*, 544 U.S. 269, 274 (2005) (a state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his claims).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state court remedies.  *See* 28 U.S.C. § 2254(b) and (c).[1]

A copy of this recommendation shall be mailed to Petitioner and counsel for Respondent.

Signed this 26th day of March, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and

---

[1] The Court cautions Petitioner that the habeas corpus statute imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this and any subsequent petition that Petitioner may file in this court.

conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.